STATE OF MINNESOTA                        FOURTH JUDICIAL DISTRICT
COUNTY OF HENNEPIN                        DISTRICT COURT
                                          CASE TYPE:CONSUMER CREDIT

                                          FILE NUMBER

Sheldon Owens
                    PLAINTIFF,
vs.
                                                              **SUMMONS**

Sallie Mae

              DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO Sallie Mae

1. YOU ARE BEING SUED. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you [is attached to this summons] [is on file in the office of the court administrator of the above-named court].* Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. YOU MUST REPLY WITHIN 20** DAYS TO PROTECT YOUR RIGHTS. You must give or mail to the person who signed this summons a written response called an Answer within 20** days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:
   1918 Park Avenue; Minneapolis, Minnesota; 55404                    .

3. YOU MUST RESPOND TO EACH CLAIM. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not Answer within 20** days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

EXHIBIT A

Date: <u>04-15-2013</u>

Signed: *Sheldon Ow—*
Plaintiff's Name

<u>  Sheldon Owens  </u>
Print Name

<u>  1918 PARK AVENUE  </u>
Street address,

<u>MINNEAPOLIS, MN; 55404</u>
City, state, zip code

<u>612.272.5400          </u>
Telephone number

## NOTICE AND ACKNOWLEDGMENT OF SERVICE BY MAIL

TO: SALLIE MAE

The enclosed summons and complaint are served pursuant to Rule 4.05 of the Minnesota Rules of Civil Procedure. You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. Signing this Acknowledgment of Receipt is only an admission that you have received the summons and complaint, and does not waive any other defenses. You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint were mailed on ( 04-05-2013 ).

_____

Signature

_____

Date of Signature


ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter

_____

Signature

_____

Relationship to Entity/Authority to Receive Service of Process

_____

Date of Signature

NOTICE AND ACKNOWLEDGMENT OF SERVICE BY MAIL

TO: SALLIE MAE

The enclosed summons and complaint are served pursuant to Rule 4.05 of the Minnesota Rules of Civil Procedure. You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. Signing this Acknowledgment of Receipt is only an admission that you have received the summons and complaint, and does not waive any other defenses. You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint were mailed on ( 04-15-2013 ).

_____
Signature

04-15-2013
_____
Date of Signature


ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter

_____
Signature


_____
Relationship to Entity/Authority to Receive Service of Process


_____
Date of Signature

STATE OF MINNESOTA                          FOURTH JUDICIAL DISTRICT
COUNTY OF HENNEPIN                          DISTRICT COURT
                                            CASE TYPE:CONSUMER CREDIT

                                            FILE NUMBER

Sheldon Owens
                    PLAINTIFF,
vs.
                                                        **COMPLAINT**

Sallie Mae

                    DEFENDANT(S)

Plaintiff, Sheldon Owens, hereby files this complaint Pro Se in accordance
with 15 U.S.C. §§ 1681 et seq. and Minnesota Rules of Civil Procedure
against Defendant, Salie Mae., and alleges as follows:

1. This is an action for actual and statutory damages in excess of
fifteen-thousand dollars ($15,000.00), arising from Defendants violations
of certain provisions of 15 U.S.C. §§ 1681, the Fair Credit Reporting Act

2. Jurisdiction in this court is established by 15 U.S.C. §§ 1681p, which
states in part action to enforce any liability created under this title
may be brought in any appropriate United States district court, without
regard to the amount in controversy, or in any other court of competent
jurisdiction.

3. At all material times Plaintiff, a natural person, has been and remains
a resident of Hennepin County, Minnesota.

4. At all material times Defendant was a foreign corporation registered in
and conducting business in the state of Minnesota, whose place of business
is located at 11100 USA Parkway Fishers, IN.

5. Venue is established under M.S. Chapter 302A, , Minnesota Rules of
Civil Practice and Procedure governing Foreign Corporations, which states
in part Actions against foreign corporations doing business in this state
shall be brought in a county where such corporation has an agent or other
representative, where the cause of action accrued, or where the property
in litigation is located The Plaintiff, a resident of Hennepin County
Minnesota, initiated the instant action after suffering, in Hennepin
County Minnesota, material and adverse financial impacts including a
series of credit denials as a result of Defendants conduct, thus venue in
this court is properly established under MS 302A.901

6. At all material times, the Defendant corporations principal course of
business was the operation of a Consumer Reporting Agency as defined by 15
U.S.C. §§ 1681a, which agency was at all material times engaged in the
maintenance and sale of Consumer Credit Reports as defined by 15 U.S.C. §§
1681a

7. Defendant maintains such a Consumer Credit Report containing the Plaintiffs credit history and other personal information

8. The Consumer Credit Report maintained by Defendant contains numerous and obvious errors and inaccuracies, such that Plaintiffs credit standing with potential lenders has been negatively impacted as a result of the erroneous information contained in Defendants report

9. The Defendant has, on multiple occasions beginning in 2012 and continuing to present, and after receiving fair and prompt notice from the Plaintiff of the inaccuracies contained in Defendants database, continued to negligently furnish the erroneous information to credit bureaus without properly verifying its accuracy and a direct contravention of 15 U.S.C. § 1681s-2, thus causing material and adverse financial harm to the Plaintiff, for which the Plaintiff is entitled to recover under 15 U.S.C. § 1681o

10. The Defendant has received six (6) documented fair and timely requests by the Plaintiff that the accuracy of various erroneous pieces of information be investigated, and that the erroneous information be deleted, and has in each instance negligently failed to ascertain the accuracy of the contested information in accordance with

11. The Defendant has willfully violated 15 U.S.C. § 1681i on at least three (3) documented occasions by rejecting Plaintiffs investigation requests with communication stating Error: Item already investigated, when 1681i clearly prohibits Defendant from refusing such investigation requests. Plaintiff seeks the maximum award of statutory damages, as provided by 15 U.S.C. § 1681n not less than $100 and not more than $1,000 for each instance of Defendants willful noncompliance with the provisions of U.S.C. § 1681i

12. Defendant continued to negligently furnish Consumer Credit Reports containing the inaccurate information, after receiving notice of its inaccuracy, in direct contravention of 15 U.S.C. § 1681e, which states Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. The plain language of the act itself, in addition to case law from the majority of courts, makes clear the fact that Defendants continual reliance solely on the information provided by the original furnisher, when issuing new Consumer Credit Reports after being properly notified by the consumer of the information's inaccuracy, does not constitute a "reasonable procedure" under 1681e. Defendants negligent failure to maintain reasonable procedures has caused Plaintiff to suffer material and adverse financial impact, for which the Plaintiff is entitled to recover under 15 U.S.C. § 1681o

13. Defendant has, on at least three (3) documented occasions, willfully violated 15 U.S.C. § 1681i by refusing to honor Plaintiffs requests that Defendant investigate inaccurate or outdated address information contained in Plaintiffs Consumer Credit Report, stating that address information provided to us by the original creditor and will remain part of the credit, despite the clear prohibition on such refusals. Plaintiff seeks the maximum award of statutory damages, as provided by 15 U.S.C. § 1681n not less than $100 and not more than $1,000â€ for each instance of Defendants willful noncompliance with U.S.C. § 1681i

14. Plaintiff properly and timely requested that Defendant investigate the accuracy of its reporting of accounts #92581242232100062010 on Plaintiffs Consumer Credit Report, pursuant to 15 U.S.C. Â§ 1681i, which entry shows the furnishers of information to be Sallie Mae; Defendant received Plaintiffs investigation request, and subsequently notified Plaintiff that the information had been verified with and did not in fact perform such a verification in the instant. Plaintiff seeks the maximum award of statutory damages, as provided by 15 U.S.C. Â§ 1681n not less than $100 and not more than $1,000 for Defendants willful noncompliance with U.S.C. Â§ 1681i

15. The defendant has refused to correct information after being provided proof Defamation causing willful injury; direct violation of the FCRA Section 623; i.e., CUSHMAN, v. TRANS UNION CORPORATION US Court of Appeals for the Third Circuit Court Case 115 F.3d 220; June 9, 1997, Filed (D.C. No. 95-cv-01743).Extent of damages incurred by the wronged party, as deemed by the courts

16. The defendant has reported my credit history inaccurately Extent of damages incurred by the wronged party, as deemed by the courts
17. The defendant has reported to my credit history inaccurately Defamation, financial injury
US Court of Appeals, Ninth Circuit, No. 00-15946, Nelson vs. Chase Manhattan    Extent of damages incurred by the wronged party as deemed by the courts
18. The defendant has failed to report the account as disputed to the credit bureaus Protection under the FCRA   FCRA
Section 623.        $1,000
The defendant has pulled your credit file without permissible purpose
Injury to your credit report and credit score    FCRA Section 604 (A)(3)
       $1,000
19. The Defendant violated the provisions (TCPA ), 47 U .S.C. § 227 by its junk-fax transmissions to my home fax machine in which I am billed by my phone provider  and by automated dialers and prerecorded messages to my cell phones, in which I am billed by the minute as soon as the call is answered, dozens of automated calls made to my cell number, which went to voicemail and thus consumed minutes from my  plan. All of the calls were made in a futile effort to reach me after 9 pm.
   WHEREFORE, Plaintiff demands judgment against defendant as follows:

   $15,000.00 plus cost, disbursements, and allowable interest.

_Sheldon Owens_

PLAINTIFF

VERIFICATION AND ACKNOWLEDGEMENT

A. I have read this document. To the best of my knowledge, information the information, contained in the document is well grounded in fact and is warranted by existing law.

B. I have not been determined by any court in Minnesota or in any other State to be a frivolous litigant or subject to an Order precluding me from serving and filing this document.

C. I am not serving or filing this document for any improper purpose, such as to harass the other party or to cause delay or needless increase in the cost of litigation or to commit a fraud on the Court.

D. I understand that if I am not telling the truth or if I am misleading the court or if I am serving of filing this document for any improper purpose, the court can order me to pay money to the other party, including reasonable expenses incurred by the other party because of the serving of filing of this document such as court costs, and reasonable attorneys fees.

_Sheldon Owens_
PLAINTIFF
SHELDON OWENS
ADDRESS 1918 PARK AVENUE
MINNEAPOLIS, MN. 55404
618-272-5400
TELEPHONE


SUBSCRIBED AND SWORN TO BEFORE ME
THIS __15__ DAY OF __April__, 20 __13__

_Lauren Tessier_
NOTARY PUBLIC/COURT CLERK

MY COMMISSION EXPIRES __1/31/16__



LAUREN MARIE TESSIER
Notary Public
Minnesota
My Comm. Expires
Jan 31, 2016